## 36187. HUTCHESON v. THE STATE.

UNDERCOFLER, Chief Justice.

Hutcheson was convicted of the murder of his fiancee and sentenced to life imprisonment. He appeals, enumerating six errors. We reverse.

1. It was error for the trial court to refuse to dismiss from the jury panel for cause two Vidalia police officers, Carolyn C. Calhoun and Sgt. John Ward. Both appeared in court in police uniform when summoned to serve on the panel of 42 prospective jurors from which appellant's jury was to be selected. Sgt. Ward testified on voir dire he wore his uniform and gun because he was on duty at the time.

Police officers, employed full-time, are not normally included on jury lists by the board of jury commissioners under authority of

---

Code Ann. § 59-112 et seq. (Ga. L. 1967, p. 725, as amended).[1] But, these officers are *eligible* to be jurors by making it known in writing to the board or its clerk that they do want to be included in the jury box. Code Ann. § 59-112 (a) (1). However, we must conclude that if they are challenged for cause in a criminal case that such request must be granted.[2] "Jurors should be above suspicion." *Beall v. Clark,* 71 Ga. 818, 849 (1883); *Snead v. State,* 167 Ga. 271, 273 (145 SE 510) (1928). It is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise. These questions cannot be erased by a mere subjective, albeit sincere, declaration by the officer that he or she can be fair and impartial as to a defendant. "The constitutional test of impartiality, however, does not turn on the subjective declarations of the individual jurors . . ." United States v. Smith, 200 FSupp. 885, 908, quoting from Irvin v. Dowd, 366 U. S. 717 (81 SC 1639, 6 LE2d 751) (1961).

2. Appellant was required to use two peremptory challenges to remove the officers from the panel, thus exhausting his peremptory challenges before the jury was selected. Under the opinion of this court in *Bradham v. State,* 243 Ga. 638, 639 (3) (256 SE2d 331) (1979), we must reverse.

3. In view of our holdings in Divisions 1 and 2, we need not reach the other enumerations.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 13, 1980 — DECIDED
JUNE 10, 1980.

Larsen & Lewis, *William Washington Larsen, Jr.,* for appellant.

*H. R. Thompson, District Attorney, Richard A. Malone, Assistant District Attorney, Arthur K. Bolton, Attorney General,*

---

[1]"(a) The following persons are exempt from all jury duty, civil or criminal; the name of any such person shall not be included or continued in the jury box unless such person shall make a request therefor in writing to the board of jury commissioners or its clerk:

"1. Police and other law enforcement officers employed or appointed on a full-time basis, but not part-time or honorary peace officers." Code Ann. § 59-112.

[2]We do not have before us and we do not decide under what circumstances a police officer should be stricken in a civil case.