72338. KENT et al. v. THE STATE.
(345 SE2d 669)

McMURRAY, Presiding Judge.

Three defendants appeal their convictions of a total of five counts of simple battery. *Held*:

Defendants contend that the trial court erred in refusing to dismiss from the jury panel for cause two or more correctional officers. It has been held to be error to refuse to dismiss for cause full-time police officers because "[i]t is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise. These questions cannot be erased by a mere subjective, albeit sincere, declaration by the officer that he or she can be fair and impartial as to a defendant." *Hutcheson v. State*, 246 Ga. 13, 14 (1) (268 SE2d 643). See also *King v. State*, 173 Ga. App. 838 (328 SE2d 740).

Correctional officers possess some police powers as provided by

regulation. See OCGA § 42-5-35 and Official Compilation of Rules and Regulations of the State of Georgia, Rule 125-2-1-.09. However, such limited police powers do not necessitate the imputation of possible bias as in the instance of full-time police officers. There is no evidence that these correctional officers had ever participated in any criminal investigation or prosecution. Therefore, the case sub judice is distinguishable from *Hutcheson v. State*, 246 Ga. 13, 14 (1), supra. See *Wilson v. State*, 250 Ga. 630, 635 (4) (300 SE2d 640); *Jordan v. State*, 247 Ga. 328, 338-340 (6) (276 SE2d 224); *Anderson v. State*, 169 Ga. App. 729 (1), 730 (314 SE2d 735).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED MAY 16, 1986.

*Jack E. Carney, Jr.*, for appellants.
*Bruce Daniel Dubberly, Jr., Solicitor*, for appellee.