## 45934. DENISON v. THE STATE.
(373 SE2d 503)

CLARKE, Presiding Justice.

Appellant was convicted of killing Mack A. Richburg, his uncle by marriage.[1] Richburg was shot in the back and killed as he entered his hunting club. Evidence showed that Richburg's wife hired appellant and another man to kill her husband. Testimony showed appellant's wife took him to an area near Richburg's hunting club the day of the murder and picked him up five hours later at which time he told his wife and Richburg's wife that he had killed Richburg.

Shell casings fired from an automatic were found at the firebreak in front of the club entrance. Tests by the state crime lab showed that the casings found in the firebreak were fired from a gun belonging to a friend of appellant; appellant had converted this gun to an automatic. Three cartridges found at appellant's home had been placed in the same weapon. Evidence showed that the friend had purchased this gun for appellant.

A second weapon, a .45 calibre automatic weapon, was used in the homicide. The record shows that appellant had possession of this weapon on the date of the homicide. Allen Hall, a co-conspirator told a third person that he and appellant had killed Richburg. Appellant's wife told the Wayne County sheriff that appellant had killed Richburg. For the following reasons, we affirm the conviction.

1. Appellant first argues that the trial court erred by allowing Anna Brannon to testify concerning statements made by Allen Hall. Allen Hall was a co-conspirator in the homicide and was deceased at the time of trial. Anna Brannon was his girl friend. Under OCGA §24-3-5 statements made by a conspirator during the course of a conspiracy are admissible against all conspirators after the fact of the conspiracy is proved. The conspiracy is in progress until its ultimate pur-

---

[1] The crime was committed on April 9, 1985. Appellant was arrested August 2, 1987. The Liberty County jury returned its verdict of guilty, and appellant was sentenced March 18, 1988. A motion for new trial was filed April 7, 1988 and was denied May 19, 1988. The notice of appeal was filed May 27, 1988. The case was docketed in this court June 24, 1988 and was argued September 20, 1988.

pose is accomplished, including efforts to conceal the crime and the identity of the perpetrators. *Hardy v. State*, 245 Ga. 272 (264 SE2d 209) (1980). The trial judge may admit testimony by co-conspirators before the conspiracy has been proved, provided that such existence is afterwards shown during the trial. *Jenkins v. State*, 73 Ga. App. 515 (37 SE2d 230) (1946).

2. Appellant also contends that the trial court improperly allowed into evidence two J. C. Penney's charge slips signed by Kenneth Beasley on the day of the murder. The charge slips were not made available to appellant before trial, and he was unaware of them. Appellant argues he had the right to view the charge slips before trial to evaluate the handwriting to determine if Beasley's signatures on the slips were authentic. Appellant's defense is that Beasley murdered Richburg, and admitting the charge slips without proper authenticity was error, because they establish an alibi for Beasley. Appellant maintains that the signatures were forgeries. Beasley testified at trial and was subject to cross-examination that the signatures were his. Therefore, appellant had the chance to impeach the testimony regarding Beasley's actions the day of the homicide.

A criminal defendant is entitled at his expense on motion timely made to have an expert of his choosing examine critical evidence which may be subject to varying expert opinion. *Sabel v. State*, 248 Ga. 10 (282 SE2d 61) (1981). In view of the evidence of the defendant's guilt and the lack of evidence of Beasley's guilt, we find that the charge slips were not critical evidence as required under *Sabel*. Defendant was not entitled to an expert examination of the charge slips.

3. Appellant's third enumeration of error relates to a comment made by the trial judge regarding a chart showing telephone calls between co-conspirators submitted into evidence by the state. The court stated the chart was a "very well prepared chart," and appellant's counsel immediately moved for a mistrial.

The judge's comment was directed toward the preparation of the chart, rather than the strength of the evidence. The preparation of the chart was not an issue in the case. In addition, the judge gave the jury curative instructions immediately after he made the statement and during his final charge. The judge stated plainly that his comment was not intended as an opinion about the facts of the case. The judge's comments did not influence the jurors against the defendant.

4. Appellant next argues that the court should have disqualified jurors Aspinwall and Williams, because they were sworn deputies and therefore were automatically prejudiced jurors. Full-time police officers must be excused if challenged for cause in a criminal case. *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980).

Aspinwall was a full time college student and a part-time radio operator for the Bulloch County Sheriff. He had no knowledge of the

facts of the case and did not have the power to arrest. Williams was a sworn deputy for the Liberty County Sheriff's office. Like Aspinwall, he was a part-time policeman; he likened his part-time police work to being a night watchman, keeping his eyes open in the neighborhood in which he lived. Each man informed the court that he could hear the case impartially.

Part-time police officers are not automatically and arbitrarily subject to the rule set forth in *Hutcheson, supra.* Given the limited nature of the duties of these jurors we do not find that their excusal for cause is required. *Wilson v. State,* 250 Ga. 630 (300 SE2d 640) (1983).

5. Appellant's final argument, based on OCGA § 17-7-210, is that the trial court erred by allowing into evidence a statement given by appellant during a search of his home pursuant to a search warrant on April 12, 1985, two years before his arrest. Appellant argues this statement should have been excluded. Under OCGA § 17-7-210 if a criminal defendant makes a statement while in police custody, no relevant or material portion of the statement may be used against him unless it has been previously furnished to the defendant, after he has requested a copy of such statement in writing.

The trial court held a *Jackson v. Denno* hearing out of the presence of the jury in which the court determined that Denison's statement was voluntarily made and that it was not made while the defendant was in custody. The searching police officers read him a *Miranda* warning, then he made a statement. He was not in custody at the time he made the statement; therefore, OCGA §17-7-210 is inapplicable. It was not error to admit the statement.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 1988.

*Randall M. Clark,* for appellant.

*Dupont K. Cheney, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.