S90A1645. BEAM v. THE STATE.
(400 SE2d 327)

BELL, Justice.
Steven L. Beam was convicted and sentenced to life imprison-

---

ment for the malice murder of Oruada Okpani.[1] Beam appeals, contending, in part, that the trial court committed reversible error by failing to excuse for cause a prospective juror who was a full-time employee of the district attorney's office. We agree with this contention, and, accordingly, we reverse.

1. There was evidence that the victim was a cab driver and appellant was a passenger in the victim's cab. The two men argued, and appellant then killed the victim, shooting him eight times with two different guns. Considering the evidence most favorably to the state, we conclude that the evidence was sufficient to permit a rational trier of fact to find appellant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration of error, appellant contends the trial court committed reversible error by denying his motion to excuse for cause a prospective juror who was a full-time employee of the district attorney's office.[2] We agree.

> "Jurors should be above suspicion." [Cits.] It is inherent in the nature of [the duties of employees of district attorneys] and the closeness with which such [employees] are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise. These questions cannot be erased by a mere subjective, albeit sincere, declaration by the officer that he or she can be fair and impartial as to a defendant. [*Hutcheson v. State,* 246 Ga. 13, 14 (1) (268 SE2d 643) (1980).]

See generally LaFave & Israel, Criminal Procedure, Vol. 2, § 21.3 (c) (West 1984 & 1990 pocket parts).

We hold that because the full-time employee of the district attorney's office was not excused for cause, the judgment must be reversed.[3] Even if the juror in this case was actually unbiased, her ser-

---

[1] The crime occurred on October 30, 1989. Beam was indicted on April 17, 1990. The verdict was returned on June 6, 1990, and appellant was sentenced on June 8, 1990. On June 22, 1990, the court reporter certified the trial transcript. Beam moved for a new trial on July 8, 1990. On July 27, 1990, the trial court denied the motion. Beam filed his notice of appeal on August 24, 1990, and the clerk of the trial court certified the record on September 13, 1990. The record was filed in this Court on September 17, 1990. On November 2, 1990, the appeal was submitted for decision without oral argument.

[2] The juror was a secretary in the appellate section of the district attorney's office.

[3] The State argues that because appellant did not exhaust his peremptory strikes, this Court should deem harmless the trial court's erroneous refusal to strike for cause the employee of the district attorney. However, in *Harris v. State,* 255 Ga. 464 (2) (339 SE2d 712) (1986), we resolved this argument adversely to the State.

vice as a juror while she was an employee of the same district attorney who prosecuted the appellant created a substantial appearance of impropriety. The trial court should have stricken the juror to preserve public respect for the integrity of the judicial process. Our reversal of the conviction is necessary to ensure that such public respect is not eroded in future cases.

3. Our holding in the previous division of this opinion moots appellant's remaining enumeration of error.

*Judgment reversed. All the Justices concur, except Hunt, J., who dissents.*

HUNT, Justice, dissenting.

The majority would disqualify the juror under challenge for principal cause, that is, because of her employment, she was *automatically* disqualified.[4] This expands the holding in *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980), to equate employees of district attorneys with full-time police officers. To be sure, there are occasions in which such employees should be disqualified, but those employees are not law enforcement officers in any sense of the term, and, as jurors, should not be treated with the same status.[5] Indeed, we have consistently refused to extend the rule in *Hutcheson,* to those less connected with law enforcement than full-time police officers. In *Denison v. State,* 258 Ga. 690, 691 (4) (373 SE2d 503) (1988), we rejected an assumption of bias on the part of sworn deputies, employed by the sheriff. Likewise, we rejected such an assumption as to inactive reserve policemen and auxiliary policemen in *Wilson v. State,* 250 Ga. 630, 635 (4) (a) (300 SE2d 640) (1983), and as to former police officers

---

[4] There are two types of challenges to an individual juror for cause: [fn.] (1) for principal cause, and (2) for favor. [Cits.] Challenges for principal cause are based on facts which, if proved, automatically disqualify the juror from serving. . . . Challenges for favor are based on admissions of the juror or facts and circumstances raising a suspicion that the juror is actually biased for or against one of the parties. *Jordan v. State,* 247 Ga. 328, 338 (6) (276 SE2d 224) (1981). Both types of challenges involve a determination of bias on the part of the juror. Challenges for principal cause, the first type, involve a nonrebuttable presumption of bias. In challenges for favor, the second type, bias on the part of the juror is asserted by the party moving to disqualify but is not presumed. In the latter case, a decision is made by the trial judge, based on his or her discretion, whether the juror should be excused for cause. The holding in this case places all employees of a district attorney, regardless of how remotely they may be connected with the case on trial, in the former category. I would place them in the latter.

[5] Accord *Roubideaux v. State,* 707 P2d 35 (Ok. 1985) (trial court did not err in refusing to excuse for cause a prospective juror, an administrative assistant in the district attorney's office, who stated she was not involved in any aspect of the case, or its investigation, and that she could serve as a fair and impartial juror); *Lowe v. State,* 384 S2d 1164 (Ala. 1980) (fact that prospective juror was employed by the district attorney at the time of trial did not impute bias as a matter of law); *State v. Wright,* 182 NW 385 (Ia. 1921) (trial court did not err in overruling a challenge for cause of a juror who was a client and employee of one of the attorneys for the prosecution).

currently working for the state at a correctional facility in *Jordan v. State,* supra.

The element of fairness in the jury selection process remains intact by virtue of the fact that a juror not automatically disqualified is yet subject to challenge for cause if bias is shown, and in any event is subject to peremptory challenge.[6] Because there was no showing during the voir dire examination that this particular juror was in any way biased or prejudiced,[7] and because I would not expand the *Hutcheson* rule to presume bias on the part of one of many secretaries in the appellate division in the district attorney's office, I would affirm the conviction.

Therefore, I respectfully dissent.

DECIDED FEBRUARY 8, 1991.

*Lynne Y. Borsuk, Donna Lea Avans,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Rebecca A. Keel, Constance C. Russell, Assistant District Attorneys, Michael J. Bowers, Attorney General,* for appellee.

---

[6] But for the rule in *Harris v. State,* 255 Ga. 464, 465 (2) (339 SE2d 712) (1986), this alleged error would have been found harmless. The potential juror was peremptorily struck by the defendant who had two remaining peremptory strikes after the jury was ultimately selected. The speculative nature of weighing the value of unused peremptory strikes, referred to in cases such as *Blankenship v. State,* 247 Ga. 590, 593 (4) (277 SE2d 505) (1981); and *Pope v. State,* 256 Ga. 195, 202 (345 SE2d 831) (1986), is not present in this case.

[7] Beam's lawyer ended her principal voir dire examination of the juror without moving to disqualify her. Thereafter, she called the juror for further questioning, and upon learning that the juror had access to case files, although she received and reviewed only those dealing with appeals, moved to disqualify her. The basis for the motion to disqualify, and for the ultimate striking of the juror, was not over any concern of undue loyalty to her employer, but seemed related to a fear that the juror might, from a source beyond the evidence, learn something about the case. Nothing from the voir dire examination demonstrated such fear would be realized. The information acquired, therefore, would certainly encourage a peremptory strike, but would not authorize a challenge for cause.