## A92A0288. LEE v. THE STATE.
### (418 SE2d 809)

SOGNIER, Chief Judge.

Ensley Lee was convicted of possession of cocaine with intent to distribute and bribery, and he appeals.

1. We find no merit in appellant's first enumeration in which he asserts the trial court erred by allowing a police officer to testify regarding statements made by Bobby Porter, appellant's alleged co-conspirator, before the State proved the existence of the conspiracy. "The trial judge may admit testimony by co-conspirators before the conspiracy has been proved, provided that such existence is afterwards shown during the trial. [Cit.]" *Denison v. State*, 258 Ga. 690, 691 (1) (373 SE2d 503) (1988). " 'The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence. [Cits.]' [Cit.]" *Harris v. State*, 255 Ga. 500, 501 (2) (340 SE2d 4) (1986). Although appellant argues there was no direct evidence of conspiracy, our review of the transcript reveals that the State introduced sufficient circumstantial evidence from which the jury could have found that appellant acted in common purpose with Porter to distribute cocaine in Evans County, and thus the trial court did not err by admitting Porter's testimony into evidence. *Denison*, supra.

2. We find no error in the trial court's denial of appellant's motion for a mistrial. The transcript reveals that GBI Agent Thomas Davis testified that another officer, who had radioed him to be on the lookout for appellant, had informed Davis that appellant "was a large drug dealer." The trial court sustained appellant's objection to the challenged testimony on hearsay grounds and struck the testimony. After Davis was excused and a subsequent witness's examination completed, appellant moved for a mistrial on the basis that Davis's statement impermissibly placed appellant's character in issue. The trial court denied the motion but included in its charge to the jury an instruction not to consider any evidence that had been stricken, and appellant renewed his motion.

Pretermitting the issue whether appellant's motion for mistrial was timely, we find no abuse of the trial court's discretion in denying the motion for mistrial since the trial court's corrective action was

sufficient. *Bush v. State,* 188 Ga. App. 313 (1) (372 SE2d 847) (1988).

3. Assuming, arguendo, that appellant properly raised below his relevancy objection to the admission of the State's Exhibit Nos. 4 and 5, appellant has failed to show how the admission of candles found on an altar in his bedroom was prejudicial to him, and thus this enumeration presents no ground for reversal. *Wireman v. State,* 163 Ga. App. 439, 442 (2) (295 SE2d 530) (1982).

4. We find no merit in appellant's contention that the trial court erred by admitting an audio tape recording of a conversation between GBI Agent John Edwards and appellant because the State failed to lay a complete foundation for the admission of the tape as required by *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207, 211-212 (3) (88 SE2d 167) (1955). Edwards testified that he personally made the recording, that he listened to the tape the day before trial, and that the tape fairly and accurately reflected the conversation he had with appellant. Edwards' testimony "was sufficient to establish the authenticity and correctness of the recordings. [Cits.]" *Gambrel v. State,* 260 Ga. 197, 200 (2) (391 SE2d 406) (1990).

5. Appellant contends his conviction of bribery must be reversed because the State failed to adduce any evidence that appellant asked Agent Edwards to do anything in exchange for the money. "Bribery is a specific intent crime, requiring proof that the defendant offered money or valuables to a government official 'with the purpose (or intent) of influencing him in the performance' of an official act as an essential element of the crime. OCGA § 16-10-2 (a) (1)." *Agan v. State,* 191 Ga. App. 92, 94 (380 SE2d 757), rev'd in part on other grounds, 259 Ga. 541 (384 SE2d 863) (1989). After reviewing the transcript of the taped conversation between appellant and Edwards, we hold that a jury was authorized to conclude that appellant's intent in offering to allow Edwards to participate in his drug distribution activities where Edwards could make "six thousand [dollars] a week or more," was specifically to influence Edwards in the performance of his official duties. Thus, we find that under the standard established by *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime of bribery. See *Agan,* supra.

6. Appellant contends the trial court erred by admitting Agent Edwards' testimony discussing other models of crack cocaine distribution (determined by the GBI to be used by drug dealers) in addition to the one model that approximated the scheme appellant had discussed with Edwards. " 'Admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion.' [Cit.]" *Ingram v. State,* 192 Ga. App. 196, 198-199 (2) (384 SE2d 262) (1989). No such abuse exists in this case.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED MAY 19, 1992.

*Jon G. Branan*, for appellant.
*Dupont K. Cheney, District Attorney, J. Thomas Durden, Jr., Assistant District Attorney*, for appellee.