A93A2521. THOMPSON v. THE STATE.
(442 SE2d 771)

POPE, Chief Judge.

Defendant Moses L. Thompson was tried before a jury and found guilty of five counts of child molestation. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts of guilt.

1. Defendant argues the trial court committed reversible error by refusing to excuse for cause a venireman who worked full-time at Phillips Correctional Institute. Although the record does not show whether defendant used a peremptory challenge to strike this potential juror, the use of peremptory challenges no longer is determinative of whether an accused has been harmed by the failure to excuse unqualified or disqualified venire. *Hayes v. State*, 261 Ga. 439, 441 (2) (405 SE2d 660) (1991). The transcript of voir dire shows that while this juror was a full-time corrections employee and maintained current certification as a Georgia peace officer, she possessed no powers

---

of arrest and would require additional training and certification to work as a law enforcement officer.

Police officers employed full-time must be excused for cause in a criminal case if timely challenged. *Hutcheson v. State*, 246 Ga. 13 (268 SE2d 643) (1980). See also *Cargill v. State*, 255 Ga. 616, 626 (6) (340 SE2d 891) (1986), cert. denied 479 U. S. 1101 (107 SC 1328, 94 LE2d 180) (1987). However, this rule does not apply to corrections officers who do not have arrest powers. *Kent v. State*, 179 Ga. App. 131 (345 SE2d 669) (1986); see also *Davis v. State*, 255 Ga. 598, 601 (3) (340 SE2d 869), cert. denied 479 U. S. 870 (107 SC 245, 93 LE2d 170) (1986). The trial court did not abuse its discretion by refusing to excuse this potential juror for cause.

2. Defendant enumerates the denial of his motion for directed verdict of acquittal as to each molestation charge on the ground that there is no evidence that the acts proved at trial were within the applicable statute of limitation.

The indictments were returned on August 18, 1992. The alleged acts of molestation occurred between September 1, 1987 and August 31, 1989, the exact dates being unknown. These acts thus precede the effective date of OCGA § 17-3-2.1, which tolls the commencement of the limitation period where the victim of certain crimes is under the age of 16 on the date of the violation.

Defendant's argument, both below and on appeal, that the limitation period is four years is incorrect. The applicable limitation period is set forth in OCGA § 17-3-1 (c) which provides in part that: "prosecution[s] for felonies committed against victims who are at the time of the commission of the offense under the age of 14 years must be commenced within seven years after the commission of the crime." Compare *Martin v. State*, 196 Ga. App. 145 (1) (395 SE2d 391) (1990) (four-year statute of limitation for acts of molestation occurring before July 1, 1987).

In this case, the victim was born on August 19, 1982. The evidence showed that the molestations began when the victim was five or six, while she lived in a Gwinnett County apartment. The mother testified that they lived in Gwinnett from 1986 to 1990. Accordingly, the evidence authorized the determination that the acts of molestation charged occurred in Gwinnett, after July 1, 1987, and within the applicable seven-year statute of limitation. The trial court correctly denied defendant's motion for directed verdict on this ground.

3. From the stand, the victim recanted an earlier accusation that defendant had forced her to touch his genitals. Defendant moved for a directed verdict as to this charge and the denial of that motion is enumerated as error. However, the victim's earlier inconsistent statement to adults that defendant had so forced her to touch him became substantive evidence of the truth of that charge. *Patterson v. State*,

212 Ga. App. 257 (1) (441 SE2d 414) (1994). The trial court correctly denied defendant's motion for directed verdict.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 24, 1994.

*David L. Whitman,* for appellant.

*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assistant District Attorney,* for appellee.