## A03A1743. MARRYOTT v. THE STATE.
### (587 SE2d 217)

ELDRIDGE, Judge.

Defendant William R. Marryott was convicted of driving under the influence of alcohol to the extent it was less safe for him to drive (OCGA § 40-6-391 (a) (1)), driving under the influence of alcohol with a blood alcohol concentration of 0.08 grams or more within three hours of driving as a result of alcohol consumed before the driving activity ended (OCGA § 40-6-391 (a) (5)), and violation of the open

---

container law (OCGA § 40-6-253 (b)). Marryott appeals from the denial of his amended motion for new trial challenging the sufficiency of the evidence as to his DUI convictions. Otherwise, he claims that the superior court erred in rehabilitating a prospective juror; erred in refusing to strike a juror for cause as a volunteer in the prosecutor's office; erred in charging the jury that it could convict him of DUI in a manner not charged by the accusation; and erred in charging the jury that it could convict him of DUI to the extent it was less safe for him to drive absent evidence showing that he operated his vehicle in a less safe manner. These claims of error as without merit, we affirm.

Marryott and his wife, Kimberley, left a Cartersville party for their home in Kennesaw at approximately 11:00 p.m., Saturday, November 17, 2001, having arrived about two and a half hours earlier. As the couple left the party, Ms. Marryott was upset in that Marryott had been drinking because they had earlier agreed not to do so during her pregnancy. Ms. Marryott testified that she drove on the way home because she had consumed no alcohol. She further testified that they got lost and argued; that their quarrel grew worse after Marryott had her make an incorrect turn; that she stopped the car and walked away, leaving Marryott because of his tone of voice and abusive language; and that she "ran walk[ed]" a mile to I-75 where she called her brother-in-law in Acworth by cell phone who then picked her up.

Responding to a suspicious vehicle dispatch at approximately 12:30 a.m. that night, Patrolman S. Witt of the Bartow County Sheriff's Department found Marryott asleep in the driver's seat of the vehicle, vomit still dripping to the ground from the edge of the window where his head rested and several open beer bottles in plain view. After being awakened and getting out of the car, Marryott told Patrolman Witt that he was waiting for friends and had not driven. Patrolman Witt administered field sobriety tests on the scene, each of which Marryott failed. Marryott then contradicted himself, admitting for the first time that he had pulled over when he realized that he was intoxicated. Two State-administered breath tests, given upon Marryott's consent, determined his blood alcohol content to be 0.163 and 0.155, respectively. *Held*:

1. The record shows that Marryott "volunteered" the statement that he stopped his vehicle because he had too much to drink to Patrolman Witt at the crime scene. There was sufficient evidence for a rational trier of fact to have found Marryott guilty of the DUI offenses as charged, such evidence, among other things, including Marryott's admission to police, the admissibility of which he concedes by his brief on appeal; the condition of Marryott's person upon being arrested; and Marryott's failure of the field sobriety tests adminis-

tered on the scene as well as the breath tests administered shortly thereafter. See *Schoolfield v. State*, 251 Ga. App. 52, 55 (3) (554 SE2d 181) (2001) (police officer's testimony and unchallenged evidence of blood alcohol content sufficient to enable a jury to conclude beyond a reasonable doubt that defendant was guilty of DUI in violation of OCGA § 40-6-391 (a) (1)); see also *Susman v. State*, 256 Ga. App. 94, 95-96 (2) (567 SE2d 736) (2002) (proof of unsafe act unnecessary to violate OCGA § 40-6-391 (a) (1)); *Crawford v. City of Forest Park*, 215 Ga. App. 234, 235 (450 SE2d 237) (1994) (intoximeter test result in excess of 0.08 gives rise to the presumption of driving under the influence).

2. Citing *Foster v. State*, 258 Ga. App. 601 (574 SE2d 843) (2002), Marryott argues that the superior court erred in refusing to strike one of the jurors as inadequately rehabilitated. In *Foster*, we held that "a trial court may not rely solely on a prospective juror's isolated and extracted statement of impartiality, where . . . consideration of the entirety of [the juror's] voir dire reveals a prospective juror with a fixed and definite bias that [the juror] was unable to set aside in deciding the case." (Footnote omitted.) Id. at 609 (3). This is not such a case.

On voir dire defense counsel asked the prospective jurors collectively,

> Is there anybody on this panel that holds the opinion either because of religious beliefs or personal beliefs that are so strongly against alcohol consumption by someone that you feel that it would overshadow your judgment in this case? Does anybody hold such a strong feeling that, you know, you shouldn't drink; I don't drink; and just because somebody has had a few drinks that you think it would give you a difficult time in sitting here and being fair[?] Is anybody opposed of alcohol consumption to that extent?

The juror in issue ("Juror L") responded, "I'm not opposed to alcohol, but alcohol has greatly affected my family. I didn't answer this question a minute ago, but I've been trying to think, and I really don't think I could be impartial. I mean, I could be — I'm not sure." Defense counsel then twice "led" the juror, saying, "In other words, you don't think you can be impartial?" Juror L replied only, "Impartial[,]" and defense counsel continued, "And so what you are saying if I hear you correctly is you don't feel you could be impartial towards — and I appreciate your candor. I thank you for being honest." Juror L answered, "I've been wrestling with that, and I really don't feel I

could." Marryott's attorney then moved to strike Juror L for cause. This the superior court denied upon the following colloquy:

> THE COURT: [Juror L,] I understand your response to the question. Can you set that aside and listen only to the evidence as presented in the courtroom and the charge that the [c]ourt is going to give you at the conclusion of the case and render your decision in this matter based solely on what you hear in the courtroom and the charge the court gives you? Can you do that?
> [JUROR L]: Based on what I hear in the courtroom?
> THE COURT: Based solely on what you hear in this courtroom and the law as the [c]ourt is going to give it to you to base your decision based on that alone, setting all other opinions aside.
> [JUROR L]: Yes.

It is for the trial judge to determine whether there is impartiality, and in the absence of a manifest abuse of discretion, we are without authority to require a new trial. See generally *Menefee v. State*, 270 Ga. 540, 541-542 (2) (512 SE2d 275) (1999). Unlike *Foster*, Juror L is never emphatic in stating that she could not be a fair and impartial juror. *Foster v. State*, supra at 606 (3). Instead, even after an apparent effort to elicit testimony indicating that she could not be fair and impartial, Juror L opined only the "feeling" that she could not be. Neither was there any extensive rehabilitation of Juror L as in *Foster*. Id. And Juror L was unequivocal in responding that she would decide the case based on the facts as she finds them and the law as charged. Thus, looking to the record as a whole, we find no abuse of discretion in the superior court upon its denial of the motion to strike Juror L for cause.

3. Neither is there any abuse of discretion in the superior court for its refusal to strike for cause prospective Juror H, a volunteer working in the district attorney's office. Marryott's reliance upon *Beam v. State*, 260 Ga. 784 (400 SE2d 327) (1991), is misplaced. In *Beam*, our Supreme Court held that *full-time employees* of district attorney's offices, even if actually unbiased, must be excused from service as jurors if challenged for cause. Id. at 785-786 (2). As a volunteer in the Victim's Assistance Program of the district attorney's office, Juror H was uncompensated and worked her own hours. As such, it is apparent that she was not an "employee."[1] Moreover, the

---

[1] Employee: "A person in the service of another under any contract of hire, express or implied, oral or written, where the employer has the power or [the] right to control and direct the employee in the material details of how the work is to be performed. One who

instant offenses are victimless crimes, and there is no evidence of any bias in the record. Under these circumstances, the superior court's refusal to strike Juror H for cause was proper.

4. Marryott contends that the superior court's preliminary charge and its charge at the close of the evidence were error in that these authorized the jury to convict him in a manner other than that alleged. Pertinently, although charged with DUI — less safe driver and DUI — excessive blood alcohol concentration, the superior court instructed the jury that it could convict him in the alternative as in actual physical control of a moving vehicle.

Ordinarily, a new trial is not warranted when an entire Code section is given even though a part of the charge may be inapplicable under the facts in evidence. *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987); *Levin v. State*, 222 Ga. App. 123, 126 (6) (473 SE2d 582) (1996). However, error obtains in the event that the commission of a crime is charged by only one of several possible means under the statute, and there exists a reasonable probability that the jury convicted the defendant on a statutory basis not alleged. Id. at 126-127; *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996); compare *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86) (1982).

Marryott correctly points out that Counts 1 and 2 of the accusation charged him with DUI in that he drove a motor vehicle while under the influence of alcohol and that the superior court charged the statute as a whole, that is, DUI upon being in actual physical control of a moving vehicle. However, given Marryott's crime scene admission of driving under the influence, there was no reasonable probability that the jury convicted him of the offenses upon a basis not charged in the accusation. Accordingly, that the superior court charged OCGA § 40-6-391 (a) as a whole was no more than harmless error in the instant circumstances.

5. Finally, Marryott claims that the superior court erred in charging the jury that conviction of DUI to the extent he was a less safe driver did not require evidence that he committed an unsafe act. "But there is no requirement that the driver actually commit an unsafe act to violate OCGA § 40-6-391 (a) (1)." (Footnote omitted.) *Susman v. State*, supra. As a correct statement of law tailored to the evidence, no error obtained upon the complained-of charge as given. "A jury charge must be adjusted to the evidence, apt, and a correct statement of the applicable law." (Citation omitted.) *First Bancorp*

---

works for an employer; a person working for salary or wages." (Citation omitted.) Black's Law Dictionary (6th ed.), p. 525.

*Mtg. Corp. v. Giddens*, 251 Ga. App. 676, 681 (6) (555 SE2d 53) (2001).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 4, 2003.

*Lance T. McCoy*, for appellant.

*T. Joseph Campbell, District Attorney, Martha K. Helppie, Assistant District Attorney*, for appellee.