## A03A2327. CLARK v. THE STATE.
(593 SE2d 28)

PHIPPS, Judge.

After being tried on a multi-count indictment, David Clark was convicted of two counts of aggravated assault, three counts of armed robbery, and one count each of burglary, kidnapping with bodily injury, and simple kidnapping. Following denial of his motion for new trial, Clark appeals. He contends that the trial court erred or abused its discretion in failing to excuse Jurors 9 and 11 for cause. We disagree and affirm.

> There are two types of challenges to an individual juror for cause: (1) for principal cause, and (2) for favor. Challenges for principal cause are based on facts which, if proved, automatically disqualify the juror from serving. Challenges for favor are based on admissions of the juror or facts and circumstances raising a suspicion that the juror is actually biased for or against one of the parties.[1]

> For a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's charge upon the evidence. [Cits.][2]

---

[1] (Citations and footnotes omitted.) *Jordan v. State*, 247 Ga. 328, 338 (6) (276 SE2d 224) (1981).

[2] *Hyde v. State*, 275 Ga. 693, 696 (4) (572 SE2d 562) (2002).

" 'Whether to strike a juror for cause is within the sound discretion of the trial court. And inasmuch as the trial court's conclusion on bias is based on findings of demeanor and credibility, which are peculiarly within the trial court's province, those findings are to be given deference.' [Cit.]"[3]

In this case, Juror 9 was employed by the Juvenile Court of DeKalb County as a probation officer and night intake officer, but he did not have arrest powers. He had training in criminal investigation and had served as a probable cause investigator in juvenile court. He testified that he knew several of the police officers who would be testifying for the state, as well as various prosecutors and judges; but he also had close friends and relatives who were criminal defense lawyers. When the prosecuting attorney asked him whether he could be a fair and impartial juror, he responded, "I believe I could be fair. Because of my role, I would try to be impartial but would have some bias. I would, probably; you know, ten years being the person that the police bring people to, who committed a crime, allegedly committed a crime." The prosecutor thereupon asked whether he would be able to decide the case based on the evidence and law, setting aside his prior experiences. He responded, "Yes." Defense counsel then asked the juror whether, given all of his experience, he thought his mental approach to the case would be more from a prosecution standpoint. He responded, "[T]here is bias there. You know, I would try to be fair and impartial. I've also made recommendations for probation for hundreds of kids, you know, so I would try to balance all that out."

Juror 11 was a regional manager for Citgo, where he had been employed for about 34 years. For six years, he had worked for Citgo as a police officer investigating internal industrial espionage. He also had served as a deputy sheriff in Louisiana. When the prosecutor asked him whether there was any reason he could not be a fair and impartial juror, he said, "I think I probably would have a little problem, based on the number of counts and knowing how many people are involved in the investigation." The prosecutor thereupon asked whether he would be able to set aside those feelings and decide the case based on the evidence in the case and the law given by the judge. He responded, "I probably would." In response to questioning by defense counsel, the juror then said, "I probably would be more biased towards the situation from a law enforcement standpoint/investigation."

At the end of voir dire, the court reminded both jurors that everyone starts out with some preconceived ideas, opinions, or prejudices, but that a juror must set those aside and decide the case solely

---

[3] *Hoffman v. State*, 259 Ga. App. 131, 135 (5) (576 SE2d 102) (2003).

on the basis of the evidence admitted at trial and the law given in the instructions by the court. The court then said, "I need to know whether or not you could or could not do that." Juror 9 responded, "Yes, sir, I could." Juror 11 responded, "I believe I could."

In *Hutcheson v. State*,[4] our Supreme Court held that full-time police officers are subject to categorical challenge for principal cause in a criminal case. Subsequent cases have limited *Hutcheson*'s application. *Jordan v. State*[5] involved a prospective juror who had worked as a deputy sheriff and who was working at the time of trial as an institutional parole supervisor for the state. The court held that the trial court had not erred in refusing to strike this juror for cause. In *Wilson v. State*,[6] the court held *Hutcheson* inapplicable to inactive reserve and auxiliary police officers with limited connections to the police department. The court later recognized in *Denison v. State*[7] that, given the limited nature of their duties, part-time police officers who were also sworn deputies were not automatically and arbitrarily subject to the rule set forth in *Hutcheson*. In *Beam v. State*,[8] however, the court held that under *Hutcheson*, a prospective juror who was a full-time employee of the district attorney's office should have been excused for cause. *Thompson v. State*[9] held the rule of *Hutcheson* inapplicable to a state corrections officer who possessed no arrest powers. *Mosher v. State*[10] held *Hutcheson* inapplicable to a federal law enforcement instructor who had previously served as a sworn police officer. *McPherson v. State*[11] also held *Hutcheson* inapplicable to a former police officer, and to a corrections officer without arrest power.

Because neither juror in this case was a sworn police officer with arrest power at the time of trial, the court did not err in ruling that they were not subject to challenge for cause under *Hutcheson*. Nor did the court abuse its discretion in determining that neither juror expressed a bias or an opinion of guilt so fixed and definite that he could not decide the case based on the law and the evidence. "Excusal is not required 'when a potential juror states that he or she will "try" to decide the case based upon the court's instructions and the evidence. (Cits.)' [Cit.]"[12] "[A] trial court is not required to strike for cause a potential juror who simply questions 'his or her impartiality

---

[4] 246 Ga. 13 (1) (268 SE2d 643) (1980).
[5] Supra.
[6] 250 Ga. 630, 635 (4) (a) (300 SE2d 640) (1983).
[7] 258 Ga. 690, 692 (4) (373 SE2d 503) (1988).
[8] 260 Ga. 784 (2) (400 SE2d 327) (1991).
[9] 212 Ga. App. 175 (1) (442 SE2d 771) (1994).
[10] 268 Ga. 555, 557 (2) (491 SE2d 348) (1997).
[11] 274 Ga. 444, 448 (6) (553 SE2d 569) (2001).
[12] *Roberts v. State*, 276 Ga. 258, 259-260 (2) (577 SE2d 580) (2003).

or (expresses) reservations about his or her ability to set aside personal experiences. (Cits.)' [Cit.]"[13]

Finally, there is no merit in Clark's claim that the question posed by the court to both prospective jurors at the end of voir dire constituted improper juror rehabilitation in violation of the holding of this court in *Walls v. Kim*,[14] as affirmed by the Supreme Court of Georgia in *Kim v. Walls*.[15] *Kim v. Walls* was a wrongful death action by Walls against Dr. Kim. During voir dire of prospective jurors, an emergency room nurse who worked with Dr. Kim expressed a bias in his favor. The judge then asked the prospective juror whether she could set aside her preconceptions and decide the case based solely on the evidence and the law. After the juror responded "yes," Walls's attorney sought to ask her additional questions to establish her bias. But the judge cut him off and refused to disqualify the juror for cause. This court found an abuse of discretion. And our Supreme Court affirmed, holding that

> when a prospective juror has a relationship with a party to the case that is either close or subordinate, or one that suggests bias, the trial court must do more than "rehabilitate" the juror through the use of any talismanic question. The court is statutorily bound to conduct voir dire adequate to the situation, whether by questions of its own or through those asked by counsel. . . . Because the trial court failed to allow plaintiff's counsel to develop competent evidence as to bias as required by statute, and itself conducted only a cursory, inadequate rehabilitation of the juror, we hold that the court abused its broad discretion in qualifying the juror. [Cit.][16]

In *Ivey v. State*[17] and *Foster v. State*,[18] we held in accordance with *Kim v. Walls*:

> Where a prospective juror, who has been asked whether he or she can be fair and impartial in the case, answers under oath a plain, "No," and provides an explanation for the inability to be fair and impartial, the court should limit further questions to clarification of the answer. Neither the court nor the parties should incessantly interrogate the

---

[13] *Anderson v. State*, 276 Ga. 389, 390 (2) (578 SE2d 890) (2003).
[14] 250 Ga. App. 259 (549 SE2d 797) (2001).
[15] 275 Ga. 177 (563 SE2d 847) (2002).
[16] Id. at 178-179.
[17] 258 Ga. App. 587 (574 SE2d 663) (2002).
[18] 258 Ga. App. 601 (574 SE2d 843) (2002).

juror in a manner calculated only to elicit a response contrary to the one originally given. Interrogation for that purpose is nothing more than an effort to justify finding a biased juror qualified.[19]

This case is distinguishable from *Kim v. Walls*, as well as *Ivey* and *Foster*. In this case, unlike *Kim v. Walls*, neither prospective juror had a close or subordinate personal relationship with a party. Unlike the prospective jurors in *Ivey* and *Foster*, the prospective jurors in this case indicated in response to voir dire questioning that they could be fair and impartial jurors although they bore certain biases. The court's questioning merely confirmed that their biases or opinions were not so fixed as to warrant their disqualification for cause.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 17, 2003 —
RECONSIDERATION DENIED JANUARY 9, 2004 ▮▮▮▮▮▮▮

*Virginia W. Tinkler*, for appellant.
*J. Tom Morgan*, District Attorney, *Barbara B. Conroy*, Assistant District Attorney, for appellee.

---

[19] *Ivey*, supra at 592 (2); see *Foster*, supra at 608 (3).