## A10A2252. BLANCH v. THE STATE.
### (703 SE2d 48)

BLACKBURN, Senior Appellate Judge.

Following a jury trial, Andrew Blanch appeals his conviction for aggravated sodomy,[1] robbery,[2] and aggravated battery.[3] He contends that the trial court erred in (i) admitting three similar transactions, (ii) denying his motion to strike a former police officer from the jury panel, (iii) denying his motion for a mistrial, and (iv) failing to merge the robbery and aggravated battery counts. We hold that the other transactions were sufficiently similar, that the court was not required to strike the former-police-officer juror for cause, that Blanch waived his motion for mistrial, and that the robbery and aggravated battery counts did not merge. Accordingly, we affirm.

Construed in favor of the verdict, *Davis v. State*,[4] the evidence shows that on December 12, 2003, the victim was walking to meet a friend when Blanch approached him, asking the victim if he had drugs or needed drugs. When the victim responded negatively to both inquiries and began walking away, Blanch viciously struck him in the head from behind, knocking him down so that his face struck the ground hard. Pinning the victim down on his belly, Blanch pulled

---

[1] OCGA § 16-6-2 (a) (2).
[2] OCGA § 16-8-40 (a) (1).
[3] OCGA § 16-5-24 (a).
[4] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

off the victim's pants and forcibly had anal intercourse with him. Blanch threatened to kill the victim if he reported the assault, and after taking the victim's license and money, Blanch instructed the victim to remain immobile while Blanch escaped. The victim went to a hospital, where he was found to have a crushed orbital socket and fractured cheek bones. The hospital did a rape examination, taking samples.

After a DNA test confirmed that Blanch's semen was in the victim's rectum, Blanch was indicted for aggravated sodomy, robbery, and aggravated battery. At trial, Blanch testified that the sex was consensual and that the victim had attacked Blanch following the sexual encounter. Blanch denied stealing the victim's money and license. A jury found Blanch guilty on all counts. Following the denial of Blanch's motion for new trial, he appeals.

1. Blanch first argues that the trial court erred in admitting three similar transactions over his objection. Blanch maintains that insufficient evidence showed he committed the other transactions, and that the other transactions were insufficiently similar. We disagree.

Evidence showed the following circumstances regarding the three similar transactions. In the first transaction, Blanch entered a woman's residence without her permission and asked her for drugs. When the woman declined, Blanch demanded sex, causing her to ask him to leave. He attacked her, striking her in the head and dragging her to the bedroom, where he forcibly had vaginal intercourse with her from behind. He threatened to kill her and told her to lie immobile while he escaped.

In the second transaction, Blanch approached a fellow prison inmate, lewdly rubbing his private part against the inmate, demanding anal intercourse, and threatening violence if the inmate declined. The fellow inmate refused, and a fight ensued that was broken up by prison guards. In the third similar transaction, Blanch became angry during a study group with other prison inmates and punched one inmate in the face, knocking him down. Blanch then grabbed the inmate and turned him around so that the inmate's back was to Blanch, whereupon Blanch announced that he was going to force anal sex upon the inmate. The assault ceased only when prison guards intervened.

> Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient

connection or similarity between the independent offenses
or acts and the crimes charged so that proof of the former
tends to prove the latter.

(Punctuation omitted.) *Woods v. State*.[5] We uphold the trial court's
decision to admit similar transactions absent an abuse of discretion.
*Pareja v. State*.[6]

Blanch contends that the State failed to prove that he committed
the other offenses. But the victim in each of the three similar
transactions appeared in court and identified Blanch as the perpe-
trator of the offense. This sufficed. See *Enurah v. State*;[7] *Morgan v.
State*[8] ("[t]here need only be evidence that the defendant was the
perpetrator of both acts . . .") (punctuation omitted). Blanch's argu-
ment that the three witnesses lacked credibility falls on deaf ears, as
the jury ultimately decides whether such evidence was credible and
established that the defendant committed the similar transactions.
See *Baxter v. State*.[9]

Blanch next contends that the offenses were insufficiently
similar. We disagree. We focus on the similarities, not the differences,
between each transaction and the crime in question, which "rule is
most liberally extended in cases involving sexual offenses against a
victim who . . . did not give consent because such evidence tends to
establish that a defendant has *such bent of mind as to initiate or
continue a sexual encounter without a person's consent*." (Punctua-
tion omitted; emphasis supplied.) *Woods*, supra, 304 Ga. App. at 406
(2). See *Pareja*, supra, 286 Ga. at 121. Indeed, where the defense is
that the sexual encounter was consensual, evidence of prior rapes
tends to rebut that defense by establishing a propensity to initiate or
continue a nonconsensual sexual encounter and further tends to
corroborate the victim's testimony that the defendant acted in the
manner charged. *Ford v. State*.[10] The fact that two of the similar
transactions were attempts to sexually assault a victim that were
unsuccessful due to intervening law enforcement authorities is
unimportant, as "we have determined that testimony about a
defendant's similar behavior that could have resulted in, but did not
actually result in, an attack could be admitted as similar transaction
evidence." *Hilliard v. State*.[11] Also, Blanch's claim that one of the

[5] *Woods v. State*, 304 Ga. App. 403, 406 (2) (696 SE2d 411) (2010).

[6] *Pareja v. State*, 286 Ga. 117, 121 (686 SE2d 232) (2009).

[7] *Enurah v. State*, 279 Ga. App. 883, 885 (2) (633 SE2d 52) (2006).

[8] *Morgan v. State*, 226 Ga. App. 327, 328 (1) (486 SE2d 632) (1997).

[9] *Baxter v. State*, 160 Ga. App. 181, 184 (2) (286 SE2d 460) (1981).

[10] *Ford v. State*, 281 Ga. App. 114, 115 (1) (635 SE2d 391) (2006).

[11] *Hilliard v. State*, 298 Ga. App. 473, 477 (3) (680 SE2d 541) (2009).

forced encounters was dissimilar in that it was heterosexual, carries little weight, particularly in light of Blanch's trial testimony that he was bisexual. Cf. *Woods*, supra, 304 Ga. App. at 407 (2) (nonconsensual vaginal intercourse admitted as similar transaction to show nonconsensual anal sodomy). The point remains that the similar transactions here showed a "bent of mind as to initiate or continue a sexual encounter without a person's consent." (Punctuation omitted.) *Payne v. State*.[12] See *Gresham v. State*.[13]

The trial court did not abuse its discretion in admitting the three similar transactions.

2. Citing *Hutcheson v. State*,[14] Blanch complains that the trial court erred in denying his motion to strike a juror for cause where that juror was a former police officer who was certified as a Georgia Peace Officer but who was currently not employed as an officer, and where that officer did not possess any arrest powers. We discern no error. *Robinson v. State*[15] held:

> The trial court did not err by failing to excuse a member of the jury pool who was certified as a Georgia Peace Officer. The prospective juror was working as a security guard at a convention center. In order to be subject to dismissal for cause, a member of the venire who is a law enforcement officer must be a full-time sworn police officer with arrest powers.

See *Prince v. State*[16] ("to be subject to dismissal for cause, a member of the venire who is a law enforcement officer must be a full-time sworn police officer with arrest powers"); *Jones v. State*.[17] Because the juror here was not employed as "a sworn police officer with arrest power at the time of trial, the court did not err in ruling that [he was] not subject to challenge for cause under *Hutcheson*." *Clark v. State*.[18]

3. Blanch contends that the trial court erred in denying his motion for mistrial, which motion followed a witness's referencing the peace of mind he experienced after Blanch had been imprisoned. In denying the motion, the court announced it would give a curative instruction to the jury to disregard any reference to Blanch's ever

---

[12] *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009).
[13] *Gresham v. State*, 303 Ga. App. 682, 685-686 (2) (695 SE2d 73) (2010).
[14] *Hutcheson v. State*, 246 Ga. 13, 13-14 (1) (268 SE2d 643) (1980).
[15] *Robinson v. State*, 278 Ga. 836, 838 (4) (607 SE2d 559) (2005).
[16] *Prince v. State*, 277 Ga. 230, 235-236 (3) (587 SE2d 637) (2003).
[17] *Jones v. State*, 296 Ga. App. 288, 290 (1) (a) (674 SE2d 130) (2009).
[18] *Clark v. State*, 265 Ga. App. 112, 114 (593 SE2d 28) (2003).

having been imprisoned, which instruction the court then gave. Blanch did not renew his motion nor otherwise make a further objection after the curative instruction was given. As stated in *Favors v. State*,[19]

> it is well settled that where a defendant objects and moves for a mistrial during the examination of a witness, and the trial court denies the motion but takes some corrective action, if the defendant is dissatisfied with that action, he must renew the objection or motion; otherwise, the issue is waived.

(Punctuation omitted.) It follows that we will not consider Blanch's argument on appeal.

4. Finally, Blanch argues that the trial court should have merged the robbery conviction into the aggravated battery conviction. Blanch claims the same forceful act accomplished both crimes.

Blanch misapprehends the law. Since *Drinkard v. Walker*,[20] "[t]he test to be applied is whether each offense requires proof of a fact which the other does not." *Works v. State*.[21] See *Robbins v. State*.[22] Based on the allegations here, the robbery offense required that the State show that Blanch, with intent to commit theft, took the property of the victim from the victim by use of force. See OCGA § 16-8-40 (a) (1). The aggravated battery offense required proof that Blanch maliciously caused bodily harm to the victim by seriously disfiguring his body or a member thereof. See OCGA § 16-5-24 (a). Because taking property of the victim is not a fact required to establish aggravated battery, and because causing serious disfigurement is not a fact required to establish robbery, the two offenses did not merge. See *Robbins*, supra, 293 Ga. App. at 585-586; *Williams v. State*.[23]

The trial court did not err in failing to merge the robbery and aggravated battery convictions.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge Marion T. Pope, Jr., concur.*

DECIDED OCTOBER 27, 2010.

---

[19] *Favors v. State*, 306 Ga. App. 168 (702 SE2d 1) (2010).

[20] *Drinkard v. Walker*, 281 Ga. 211, 214-217 (636 SE2d 530) (2006).

[21] *Works v. State*, 301 Ga. App. 108, 113 (6) (686 SE2d 863) (2009).

[22] *Robbins v. State*, 293 Ga. App. 584, 585-586 (667 SE2d 684) (2008).

[23] *Williams v. State*, 293 Ga. App. 193, 194-196 (1) (666 SE2d 703) (2008).

*Drummond & Swindle, Jason W. Swindle*, for appellant.

*David McDade, District Attorney, James A. Dooley, Assistant District Attorney*, for appellee.