S91A1517. ROBERTS v. THE STATE.
(411 SE2d 496)

WELTNER, Presiding Justice.

Michael Roberts stabbed Anthony Brown to death, and wounded Steven Williams. He was convicted by a jury of felony murder, aggravated assault, and possession of a knife during the commission of a felony.[1]

1. The trial court did not err in refusing to excuse for cause a potential juror who was a clerk in the office of the magistrate who had issued the warrant for Roberts' arrest. The potential juror stated that she was unaware of any of the circumstances in the case, and that her mind was free of bias. We decline to extend the ruling in *Beam v. State,* 260 Ga. 784 (2) (400 SE2d 327) (1991), which involved a secretarial employee of the district attorney who was prosecuting the case. A magistrate's function, by contrast, is not prosecutorial but judicial, and that function must be discharged impartially. See *Connally v. Georgia,* 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977) (justice of peace cannot be paid more for issuing warrant than for denying warrant).

2. Roberts insists that the trial court erred in denying his motion for a directed verdict of acquittal on the ground that the state failed

[1] The offenses occurred on September 19, 1990. Roberts was indicted on December 10, 1990. He was found guilty on March 28, 1991, and was sentenced on April 18, 1991. A notice of appeal was filed on May 13, 1991. The appeal was docketed on August 15, 1991, and submitted on briefs on September 27, 1991.

to prove the essential element of the cause of death. Roberts admitted that he stabbed the victims, and eyewitnesses testified to those events. A detective testified without objection that he observed the deceased victim bleeding and receiving medical treatment; and that the victim had died as a result of the stab wounds.

OCGA § 24-9-65 provides:

Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor. If the issue shall be as to the existence of a fact, the opinions of witnesses shall be generally inadmissible.

The evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Clarke, C. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992.

*Blackburn, Bright & Edwards, J. Converse Bright, William D. Edwards,* for appellant.

*H. Lamar Cole, District Attorney, Bradford M. Shealy, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.