A06A2325. CLARK v. THE STATE.
(642 SE2d 900)

PHIPPS, Judge.

Jeffrey Scott Clark was tried by a jury and convicted of armed robbery of a convenience store employee. Clark claims that the evidence was insufficient and that the trial court erred by admitting a note found in his truck. We find no merit in his claims and therefore affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that on June 11, 2004, at approximately 6:00 a.m.,

JoAnn Thompson was working at the County Line Grocery Store. She was robbed by a man wearing a camouflage hat with a big brim, a camouflage jacket with rubber bands around the sleeves, a white t-shirt, and white tennis shoes. According to Thompson, it appeared that the robber had black paint or shoe polish on his face. Thompson testified that he approached her while she was behind the counter and waved a knife at the register. He then took $300 from the register and approximately $250 to $300 from a change box under the counter.

Thompson testified that Clark came into the store two to three times a day, every day of the week. She testified that he always bought either gasoline or Marlboro Light cigarettes. Thompson identified Clark as the man who had robbed her based on his build, his walk, and his actions. She also testified that she had previously seen him wearing a camouflage hat like the one the robber wore.

Jason Pitts, the owner of the County Line Grocery Store, testified that he had seen Clark in his store at least ten times in the year prior to the robbery. He testified that he had nine surveillance cameras, six inside and three outside the store, operating at the time of the robbery. He compiled a videotape of the views captured by the cameras, and the tape was shown to the jury. Pitts testified that he recognized from the tape that Clark was the robber, based on the robber's gait, height, build, and the camouflage hat and clothing.

Detective Daniel Ball with the Dougherty County Police Department spoke to Thompson the day of the robbery, and she identified Clark as the robber. When Ball spoke to Clark later that day, Clark seemed nervous and "had red splotches or marks on his face." Thompson also noticed "on the right side of his neck he had a crease. Something appeared to be black in this crease," and it did not appear to be part of his natural skin color. Ball obtained a search warrant for Clark's residence and the vehicles at the residence. A knife was recovered from Clark's house, and Thompson later told Ball that it appeared similar to the one used in the robbery.

Evidence was also presented that on June 10, 2004, Clark and an unidentified woman went into a Winn-Dixie store and left rather quickly. The store alarm sounded when the woman left the store, and a clerk followed her outside. The woman handed Clark the grocery bag she was holding and he fled in a truck. He returned a few minutes later and was told that the woman was being arrested for shoplifting. The clerk found two bottles of black or brown men's hair dye in her purse. Three empty hair dye boxes were found on a shelf, and the bottle of hair dye from the third box was not found. The clerk, a licensed cosmetologist, testified that putting hair dye on one's skin would create a removable tint.

On the day of the robbery, Clark posted bond for his wife, Sally Clark, and paid cash. He gave police officers various, inconsistent explanations of how he had obtained the money to pay the bond.

On July 2, 2004, Clark's daughter called the police and asked them to come to her house because she had found a note in her father's truck. She testified that she told the police officer that her step-mother, Sally Clark, had driven the truck for three weeks while Clark was "locked up." The handwritten note was admitted in evidence. It said, "Tell the kid to go to cooler. Put cash in bag. Put cartons of Marlboro Lite in bag. You go to cooler to." She testified that she did not think the note was in her father's handwriting. The owner of the County Line Grocery Store testified that the store had a walk-in cooler.

1. Clark claims that the evidence was insufficient to support his conviction. He argues that Thompson's testimony was the only evidence that supported his conviction and that she was initially unable to identify the robber or his race.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

Contrary to Clark's argument, Thompson's testimony was not the only evidence supporting his conviction. The videotape was consistent with Thompson's description of the robber. And the owner identified Clark from the videotape. There was also circumstantial evidence supporting his conviction.

Thompson testified that she was not able to adequately describe the robber to the officer who first interviewed her because she was still shaken up from the incident. But she did identify Clark as the robber to Ball on the day of the robbery and again at trial. Further, Clark's counsel cross-examined her at length about her identification. In any event, questions about witness credibility are matters for the jury to resolve.[2] As long as there is some competent evidence, even though contradicted, to support each fact necessary for the state's

---

[1] *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006) (citations omitted).

[2] *Johnson v. State*, 259 Ga. App. 452, 453 (2) (576 SE2d 911) (2003).

case, the jury's verdict will be upheld.[3] We conclude that the evidence was sufficient to support Clark's conviction for armed robbery.

2. Clark claims that the trial court erred by admitting the handwritten note found in his truck. He argues that by admitting the note, the trial court was telling the jury that it was relevant to the armed robbery at issue and could be considered as having been written by him.

Clark filed a motion in limine to exclude the note and the trial court ruled that, if the state presented evidence that the truck belonged to Clark, the note would be admitted, and the jury would decide what weight and credit, if any, to give it. Clark stipulated that the truck in which the note was found belonged to him. The trial court admitted the note, over objection, but made no comment about it in the jury's presence.

The note, found in a truck admittedly owned by Clark, contained information that could have linked its author to the robbery of the County Line Grocery Store. Whether the note was written by Clark or by someone else was an issue affecting the weight of the evidence, not its admissibility, and therefore was for the jury to decide.[4]

*Judgment affirmed. Smith, P. J., and Ruffin, J., concur.*

DECIDED MARCH 6, 2007.

*Leonard Farkas*, for appellant.
*Kenneth B. Hodges III, District Attorney, Shelly D. Faulk, Assistant District Attorney*, for appellee.

---

[3] Id.
[4] *Fain v. State*, 211 Ga. App. 399, 401-402 (2) (a) (439 SE2d 64) (1993).