A07A2014. BUICE v. THE STATE.
(657 SE2d 326)

BERNES, Judge.

Stevenson Troy Buice appeals his conviction of armed robbery. He challenges the sufficiency of the evidence identifying him as the criminal perpetrator and contends that the trial court erred in denying his motion in limine to exclude the testimony of a state's witness that allegedly brought his character into issue. We find no error and affirm.

1. Buice contends that the evidence was insufficient to sustain his convictions. We disagree.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Footnote omitted.) *Clark v. State*, 283 Ga. App. 884, 886 (1) (642 SE2d 900) (2007).

So viewed, the trial evidence showed that at approximately 5:00 p.m. on February 26, 1998, the victim was working behind the counter at the Happy Stop convenience store when Buice approached her. Buice pulled up his shirt, showed the victim a gun handle that was tucked inside his waistband, told her that he "[had] six bullets,"

and demanded money. Buice then handed the victim a bag in which she placed the money. A customer arrived at the store during the armed robbery and observed Buice fleeing the scene in a black Mustang vehicle. The vehicle did not have a car tag.

The victim called the police and gave the investigating officers a description of the perpetrator as wearing dirty, dark jeans with a large tear near the back pocket; sunglasses; and a stocking cap on his head. She also described the perpetrator as having long, dark hair that extended from underneath the stocking cap. She described the handle of the perpetrator's gun as being either a "pearl" or "pale-brownish color" and described the bag given to her by the perpetrator as being white plastic with red writing. The investigating officers also obtained a copy of the store's surveillance videotape which had captured the armed robbery taking place and depicted the perpetrator and his vehicle. The videotape was shown to the jury during trial.

The officers compiled a composite of the suspect and sent it to other law enforcement agencies, alerting them to be on the lookout. Buice became a suspect several days thereafter when the officers received information from a law enforcement agency in a nearby jurisdiction and from anonymous tipsters who had called a crime reporting hotline.

The investigation led officers to Alabama, where a suspicious person matching the suspect's description had entered a bank at approximately 1:25 p.m. on the same date as the store armed robbery. The bank employee testified that the suspect was driving a black Mustang vehicle without a car tag and was wearing jeans, an Auburn jacket, a stocking cap on his head, and sunglasses. An officer went to the bank and viewed its surveillance videotape depicting the suspect. The officer immediately recognized Buice as the suspect. Buice and the officer had previously been neighbors and had known each other for several years.

The officers contacted Buice, who, after being advised of his *Miranda* rights, consented to a police interview and to a search of his residence and black Mustang vehicle. Buice denied being at the bank, but was wearing an Auburn jacket like that depicted in the bank surveillance videotape. The jacket pocket contained a white plastic bag with red writing that matched the robbery victim's description. During the search of Buice's vehicle, the officers found a dark stocking cap on the front seat and a toy gun having the appearance of a real firearm stuffed between the driver's seat and the console. The car tag was displayed on Buice's vehicle at that time, but it was only being held by one bolt. Two screwdrivers were found inside the car. During the search of Buice's residence, the officers found inside the washing machine a pair of jeans with a tear matching the victim's description.

Buice's wife told the officers that she had seen Buice earlier on the date of the robbery incident and they had argued about money. Mrs. Buice told the officers that Buice had been driving his black Mustang vehicle without a car tag, although she gave conflicting testimony regarding the car tag at trial.

Buice's photograph was included in a photographic lineup, and both the victim and the eyewitness customer identified Buice as the perpetrator of the armed robbery. Although Buice changed his appearance by washing and cutting his hair, the victim identified Buice again at trial.[1]

The evidence recited above was sufficient to convict Buice of armed robbery. See OCGA § 16-8-41 (a); *Mays v. State*, 198 Ga. App. 402, 403 (1) (401 SE2d 597) (1991). Buice's challenge of the identification evidence is unavailing. "[I]dentity is a question for the trier of fact, and where a witness identifies a defendant, the credibility of the witness making such identification is not to be decided by this court." (Citation and punctuation omitted.) *Tiggs v. State*, 287 Ga. App. 291, 293 (b) (651 SE2d 209) (2007). Notwithstanding any conflicts in the evidence, the victim positively identified Buice as the perpetrator from a photographic lineup and again at trial. The victim testified that she had a good opportunity to look at Buice during the robbery since he was not wearing anything covering his face. Furthermore, the jurors were able to determine for themselves whether Buice's appearance matched that of the perpetrator depicted in the store's surveillance videotape shown during the trial. Viewed in the light most favorable to the verdict, the jury was authorized to find that Buice was the perpetrator of the crime. See *Clark*, 283 Ga. App. at 886-887 (1); *Arnold v. State*, 237 Ga. App. 857, 860 (3) (517 SE2d 97) (1999).

2. Buice further contends that the trial court erred in denying his motion in limine to exclude testimony regarding a bank employee's observations of a suspicious person who had entered the bank on the same date of the store robbery incident. He contends that the testimony improperly placed his character in issue by implying that he was casing out the bank to commit a robbery there.

We discern no error. "Whether to admit evidence is a matter that rests in the sound discretion of the trial court. Evidence that is relevant and material to an issue in the case is not made inadmissible because it incidentally places the defendant's character in issue." (Citation and punctuation omitted.) *Borders v. State*, 285 Ga. App. 337, 340 (2) (646 SE2d 319) (2007). The bank employee's testimony was relevant to establish Buice's identity and appearance on the date

---

[1] The eyewitness customer was unable to identify Buice at trial.

of the armed robbery.[2] The bank employee gave a description of the person who had entered the bank and the black Mustang vehicle that he had been driving. Furthermore, notwithstanding his motion in limine, Buice's counsel conceded that the bank employee's testimony regarding the description was admissible. The trial court therefore did not abuse its discretion in denying the motion.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 31, 2008.

*Hagler & Hyles, Richard C. Hagler*, for appellant.

*Peter J. Skandalakis, District Attorney, William D. Hocutt, Assistant District Attorney*, for appellee.

---

[2] The trial court denied Buice's motion on the grounds that it was admissible to explain the officer's conduct in going to the bank. The investigating officer had previously testified that he went to the bank in response to a report that a suspicious person matching the description of the robbery suspect had been observed at the bank. To that extent, the bank employee's testimony was merely cumulative and harmless. And, in light of our determination that the bank employee's testimony was relevant to the issue of Buice's identification, the trial court's ruling is affirmed. "A judgment that is right for any reason will be affirmed." (Citation and punctuation omitted.) *Prather v. State*, 279 Ga. App. 873, 876 (1) (633 SE2d 46) (2006).