A09A1573. WRIGHT v. THE STATE.
(684 SE2d 102)

ADAMS, Judge.

Joseph Wright and a co-defendant were tried jointly, and each was found guilty of aggravated assault for shooting one victim, aggravated assault for shooting a second victim, aggravated battery regarding the first victim, armed robbery of both victims, and kidnapping of both victims. Following the denial of his motion for new trial, Wright appeals. He contends the evidence was insufficient to support the convictions and that, in particular, the evidence of asportation was insufficient to support the kidnapping conviction.

We review the case "under the standard espoused in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) to determine if the evidence, when viewed in the light most favorable to the prosecution, supports the verdict." (Citation omitted.) *Mack v. State*, 272 Ga. 415, 416-417 (1) (529 SE2d 132) (2000).

With regard to the evidence, it is undisputed that Gary Warner (age 16) and his friend Na'el Jones were robbed by two armed men. On May 16, 2000, Warner and Jones were walking together to catch a bus when two men got out of a black, four-door Chevy and approached them. The men pulled out guns, put them in the boys' sides, and told the boys "to give it up." One man put his arm around Warner and the other put his arm around Jones, and they told the

boys to walk to the car, which was about ten feet away, and forced the boys into the back seat. Before entering the car, Warner gave one of the men his wallet, which held about $25 and a season pass to an amusement park. The men then got in the front seats, turned around to face the boys, pointed the guns at the boys, and again told them to "give it up." Jones described the guns as black .380 caliber weapons. Warner gave them his blue Nokia 5190 cell phone with a clear antenna. Jones turned over $2.

The man in the passenger seat then said "you got two seconds to get out." The boys got out and ran. When Warner reached a nearby tree, he turned to look back and saw the man in the passenger seat pointing a gun at him. The man shot and Warner was hit in the side. Warner was taken to Grady Hospital, and the very next day, Jones visited Warner there. As Jones left, he walked past two men whom he recognized as the robbers. He recognized their faces, and he also noticed that one of the men was dialing a cell phone that looked exactly like Warner's. Jones ran to a nearby Grady security officer and explained, and the two men were detained at Grady for the police. Jones was shown the men, and he identified them as the people he saw with the cell phone. Atlanta police officers arrived and took the two men to City Hall East. They then searched the area around Grady Hospital for a black Chevy Malibu and found one about two blocks away.

The two men detained were Wright and Willie Berry. A car key found in Berry's pocket matched the Chevy Malibu. Two .380 handguns were found in the car, one under each front seat. Each defendant's palm prints were on the car. The police recovered the cell phone, which was a Nokia phone with a blue faceplate, from the defendants. The phone matched the description given by Jones.

Twelve days after the shooting, Warner was presented with two photographic lineups from which he identified Wright and Berry as the robbers. Jones identified Berry in court as the shooter. Warner identified Wright in court as the man who took his wallet and Berry as the person who was sitting in the passenger seat and who shot him.

1. With regard to the kidnapping convictions, Wright contends the State failed to introduce evidence sufficient to show asportation under the standard announced in *Garza v. State*, 284 Ga. 696, 702 (1) (670 SE2d 73) (2008). We affirm.

In 2008, the Supreme Court adopted a "standard for determining the sufficiency of evidence of asportation"; that standard "provides for the assessment of four factors":

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense;

(3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

*Henderson v. State*, 285 Ga. 240, 244-245 (5) (675 SE2d 28) (2009), quoting *Garza*, 284 Ga. at 702 (1).[1] The test was designed to determine whether the movement was one "serving to substantially isolate the victim from protection or rescue — or merely a 'criminologically insignificant circumstance' attendant to some other crime." *Garza*, 284 Ga. at 702 (1).

Here, the duration of the movement was not long and it did occur during the commission of a separate offense — the armed robbery. But the movement was not an inherent part of that offense. The robbery had begun outside of the car where the men ordered the boys to "give it up" and Warner relinquished his wallet. The movement of the victims from the street to inside a car "created an additional danger to the victims by enhancing the control of the gunmen over them." *Henderson*, 285 Ga. at 245 (5). In *Henderson*, after the completion of an armed robbery, four victims were "ordered into one room and told to remove their clothes and get on the floor." Id. at 241. The Supreme Court held that evidence of asportation was sufficient where the movement of victims from one room to another within the duplex after the completion of an armed robbery enhanced control of the gunmen over them. Id. at 245 (5). Here, Wright and Berry could have driven off with the boys inside or worse. Being forced into a car can substantially isolate the victim from protection or rescue. We find the evidence of asportation sufficient. Compare *Hargrove v. State*, 299 Ga. App. 27 (681 SE2d 707) (2009) (movement from room to room occurred during and in furtherance of assault and battery).

2. With regard to the sufficiency of the evidence for all the convictions, Wright only argues that there were weaknesses in the victims' testimony and conflicts with their earlier statements regarding the description of the defendants and their identification of Wright and Berry as the perpetrators. But these circumstances only create issues of fact for the jury. See generally *Smith v. State*, 293 Ga. App. 569, 572 (1) (667 SE2d 421) (2008). The in-court identifications

---

[1] The legislature subsequently amended the kidnapping statute to provide that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense, then further defined what actions would not be incidental to another offense. This statute applies to crimes committed on or after the revised statute's effective date, July 1, 2009. OCGA § 1-3-4. The crime in this case occurred in [May 2000], and therefore the standard set forth in *Garza* applies. *Horne v. State*, 298 Ga. App. 601, 603 (1), n. 1 (680 SE2d 616) (2009).

were buttressed by the evidence regarding the cell phone, the car containing similar guns used in the robbery, and the fact that Berry had a key to that car. The evidence was sufficient under *Jackson v. Virginia*, 443 U. S. 307.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 3, 2009.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.