### A09A1839. BERRY v. THE STATE.
(690 SE2d 428)

ADAMS, Judge.

Willie Berry and Joseph Wright were tried jointly, and each was found guilty of aggravated assault for shooting one victim, aggravated assault for shooting at a second victim, aggravated battery regarding the first victim, armed robbery of both victims, and kidnapping of both victims. Following the denial of his motion for new trial, Berry appeals.[1] He contends the trial court erred by refusing to strike a juror for cause and that his trial counsel was ineffective.

As set forth in the co-defendant's appeal, the facts show that

. . . Gary Warner (age 16) and his friend Na'el Jones were robbed by two armed men. On May 16, 2000, Warner and Jones were walking together to catch a bus when two men got out of a black, four-door Chevy and approached them. The men pulled out guns, put them in the boys' sides, and told the boys "to give it up." One man put his arm around Warner and the other put his arm around Jones, and they told the boys to walk to the car, which was about ten feet away, and forced the boys into the back seat. Before entering the car, Warner gave one of the men his wallet, which held about $25 and a season pass to an amusement park. The men then got in the front seats, turned around to face the boys, pointed the guns at the boys, and again told them to "give it up." Jones described the guns as black .380

---

[1] Wright also appealed, and his conviction has been affirmed. *Wright v. State*, 300 Ga. App. 32 (684 SE2d 102) (2009).

caliber weapons. Warner gave them his blue Nokia 5190 cell phone with a clear antenna. Jones turned over $2.

The man in the passenger seat then said "you got two seconds to get out." The boys got out and ran. When Warner reached a nearby tree, he turned to look back and saw the man in the passenger seat pointing a gun at him. The man shot and Warner was hit in the side. Warner was taken to Grady Hospital, and the very next day, Jones visited Warner there. As Jones left, he walked past two men whom he recognized as the robbers. He recognized their faces, and he also noticed that one of the men was dialing a cell phone that looked exactly like Warner's. Jones ran to a nearby Grady security officer and explained, and the two men were detained at Grady for the police. Jones was shown the men, and he identified them as the people he saw with the cell phone. Atlanta police officers arrived and took the two men to City Hall East. They then searched the area around Grady Hospital for a black Chevy Malibu and found one about two blocks away.

The two men detained were Wright and Willie Berry. A car key found in Berry's pocket matched the Chevy Malibu. Two .380 handguns were found in the car, one under each front seat. Each defendant's palm prints were on the car. The police recovered the cell phone, which was a Nokia phone with a blue faceplate, from the defendants. The phone matched the description given by Jones.

Twelve days after the shooting, Warner was presented with two photographic lineups from which he identified Wright and Berry as the robbers. Jones identified Berry in court as the shooter. Warner identified Wright in court as the man who took his wallet and Berry as the person who was sitting in the passenger seat and who shot him.

*Wright v. State*, 300 Ga. App. 32, 32-33 (684 SE2d 102) (2009).

1. Berry contends the trial court should have struck for cause a juror who had an ongoing business relationship with the district attorney's office and who also was a friend of the district attorney. "[T]he decision to strike a juror for cause lies within the sound discretion of the trial court." (Citation omitted.) *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993).

During the voir dire, the juror stated that she knew District Attorney Paul Howard as a "friend and a client." She was not further questioned about the nature of her friendship. With regard

to the business relationship, she explained that she was a computer consultant and that she had recently advised the district attorney's office regarding a case management system used to keep track of events in criminal cases. In the course of her work, she dealt personally with employees of the district attorney's office. She had completed one phase of her consulting arrangement and hoped that the second phase would be funded. Nevertheless, she stated that she could be fair and could judge the case on the merits. Berry and Wright moved to strike the juror for cause, but the court denied the motion.[2]

Here, Berry does not assert that one of the statutory factors for establishing a challenge for cause applies. See OCGA §§ 15-12-135 (a) (trial juries); 15-12-163 (challenges for cause in felony cases). See also *Hutcheson v. State*, 246 Ga. 13 (1) (268 SE2d 643) (1980) (law enforcement officers). Rather, he contends the juror's relationship with Paul Howard and the district attorney's office requires concluding that bias should be automatically implied. He relies primarily on *Beam v. State*, 260 Ga. 784, 785 (2) (400 SE2d 327) (1991), and *Kirkland v. State*, 274 Ga. 778, 780 (2) (560 SE2d 6) (2002).

In *Beam*, the Supreme Court held that it was reversible error for the trial court to fail to strike for cause a prospective juror who was a full-time employee of the district attorney's office that was prosecuting the case. *Beam*, 260 Ga. at 785-786 (2). The court reasoned that the presence of the employee on the jury "created a substantial appearance of impropriety," regardless of the prospective juror's actual bias. *Beam*, 260 Ga. at 786 (2). The opinion in *Beam* has been distinguished in several cases, which serve to show the limits of the rule in *Beam*. See, e.g., *Floyd v. State*, 272 Ga. 65, 67 (2) (525 SE2d 683) (2000) (*Beam* does not apply to employee of different prosecuting authority); *Carr v. State*, 267 Ga. 547, 553 (5) (480 SE2d 583) (1997) (*Beam* does not apply to mother of sheriff of county where prosecution is taking place; she had no connection to prosecutor); *Roberts v. State*, 261 Ga. 813 (1) (411 SE2d 496) (1992) (*Beam*

---

[2] Berry admits that co-defendant Wright then used a peremptory challenge to strike juror no. 42. Thus, juror no. 42 was not a part of the jury that convicted Berry. But in Georgia, "[a] defendant is entitled to a panel of forty-two qualified jurors. OCGA § 15-12-160. . . . The defendant's failure to exhaust his peremptory strikes before the twelfth juror was impaneled does not render the error harmless." *Harris v. State*, 255 Ga. 464, 465 (2) (339 SE2d 712) (1986). See also *Fortson v. State*, 277 Ga. 164, 166 (2) (587 SE2d 39) (2003) ("[C]ausing a defendant to unnecessarily use a peremptory strike on a juror that should have been excused for cause is per se harmful error. [Cits.]"). Compare *United States v. Martinez-Salazar*, 528 U. S. 304, 317 (120 SC 774, 145 LE2d 792) (2000) ("[A] defendant's exercise of peremptory challenges pursuant to Rule 24 (b) [of the Federal Rules of Criminal Procedure] is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause.").

inapplicable to "a clerk in the office of the magistrate who had issued the warrant for [the defendant's] arrest); *Roberts v. State*, 297 Ga. App. 672, 674 (2) (678 SE2d 137) (2009) (*Beam* inapplicable to "secretary of another judge employed at the same courthouse"); *Marryott v. State*, 263 Ga. App. 65, 68 (3) (587 SE2d 217) (2003) (*Beam* inapplicable to "a volunteer in the Victim's Assistance Program of the district attorney's office" prosecuting the case). See also *Shiver v. State*, 276 Ga. 624, 625 (2) (581 SE2d 254) (2003) (court did not err by refusing to excuse juror for cause even though juror's son was an assistant district attorney).

Thus, the rule in *Beam* has not been extended beyond full-time employees of the prosecuting authority. The juror at issue in this case was only a consultant or contractor to the district attorney's office. In *Beam*, the Supreme Court reasoned that its holding was based on the nature of the business of prosecuting:

> It is inherent in the nature of the duties of employees of district attorneys and the closeness with which such employees are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise.

(Citations and punctuation omitted.) *Beam*, 260 Ga. at 785 (2). No such implication arises for an information system contractor/consultant or friend of the district attorney.

With regard to the juror's financial relationship with the district attorney's office, *Kirkland* held that a shareholder of a corporation is not qualified to serve as a juror in a case where the corporation is a party. *Kirkland*, 274 Ga. at 779 (1). The court reasoned that a shareholder "occupies the position of a party at interest." Id. But here, juror no. 42 cannot be considered a party at interest. Rather, at most, she has an ongoing business relationship with the district attorney's office.

We are left with the guidance of the Supreme Court of Georgia that a per se rule is not appropriate in cases such as the one presented here:

> Trial courts are often faced with jurors who have close relationships with parties in both civil and criminal cases. We have confidence that trial courts can ascertain whether a juror is partial because of a doctor-patient relationship with a defendant just as well as the trial court can determine bias arising from other sources. A per se rule cuts too broadly and is inconsistent with the traditional discretion given trial courts in this area. Furthermore, there are

various close and confidential relationships that a juror may have with a party and the establishment of a per se rule to the doctor-patient relationship will open the door to the expansion of the per se rule to these other numerous categories.

*Cohen v. Baxter*, 267 Ga. 422, 423 (1) (479 SE2d 746) (1997). Thus, the trial court was entitled to rely on the juror's responses to voir dire in determining her qualifications to serve as a juror. Accordingly, we find no abuse of discretion by the trial court. See also *Woods v. State*, 224 Ga. App. 52 (479 SE2d 414) (1996) (not abuse of discretion to deny challenge for cause of employee of Georgia Crime Information Center who gave instruction on use of the center's information system).

2. Berry contends his trial counsel was ineffective by failing to inspect the cell phone stolen from one of the victims, and, because counsel did not know that the State had lost the phone, counsel was ineffective by failing to request a limiting instruction on the related testimony. Upon review of a trial court's ruling on the effectiveness of trial counsel "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000). See also *Cherry v. State*, 283 Ga. App. 700 (1) (642 SE2d 369) (2007).

In advance of trial, Berry filed a motion for the production of discoverable materials and evidence. At the hearing on the motion for new trial, Mr. Chae An — one of Berry's attorneys — admitted that, prior to trial, he did not attempt to inspect the phone, which was in the State's possession, to see if it in fact had one of the victim's telephone numbers programmed into it, as contended by the State. He testified that he recollected that the phone had been given back to the victims. He testified that if he had known prior to trial that the State no longer possessed the phone, he "probably" would have asked for a limiting instruction regarding the phone.

But An also testified that he was not lead counsel; that role was filled by Jim Hodes. And Hodes did not testify at the hearing. Yet it was Hodes, who, in fact, did move, albeit unsuccessfully, for a mistrial or a limiting instruction regarding the cell phone evidence. Without testimony from Hodes, we do not know whether he inspected the cell phone or had other knowledge about it. Nor do we have information about whether he thought it might be a good idea to avoid seeing the actual phone and relying on the argument that the State was unable to produce it. Without this information, Berry has failed to overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.

YALE LAW LIBRARY

See *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002); *Daniels v. State*, 296 Ga. App. 795, 803 (5) (h) (676 SE2d 13) (2009), and cases cited therein.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 13, 2010 — ▮▮▮▮▮▮▮▮▮

*Eric J. Taylor*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.