## A11A1257. GALMORE v. THE STATE.
(718 SE2d 896)

ADAMS, Judge.

Jonathan Wesley Galmore was convicted of four counts of armed robbery, two counts of kidnapping, two counts of false imprisonment, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon.[1] He appeals following the denial of his motion for new trial, arguing that the evidence of asportation was insufficient to support his kidnapping convictions under the standard announced by our Supreme Court in *Garza v. State*, 284 Ga. 696, 701-702 (1) (670 SE2d 73) (2008).[2]

As to that issue, which is the only issue before us in this appeal, the evidence adduced at trial showed that Marcus Cherry, Shayna Britt and Bryan Cromer lived at 5279 Arrowind Drive in Gwinnett County. In the early morning hours of August 5, 2003, Cherry was in the residence along with a friend, Chris King; Cromer had left the house to go pick up Britt, who was at her mother's house. Cromer and Britt returned home and exited their car, but before they could make it into the house two men wearing partially-concealing cloths around their face, subsequently identified as Galmore and Julius Johnson, came from around the side of the house, told Cromer to open the door, and took Cromer and Britt into the house at gunpoint.

Cherry and King were in the kitchen when the others entered, and Galmore and Johnson ordered them to get on the floor. The man with the shotgun had Cromer in a headlock with the shotgun pointed at him, and they took Cromer and Britt toward the kitchen and ordered them onto the floor also. Galmore and Johnson demanded that the victims give them money, drugs, and other items of value. The victims gave them cash, cell phones and other items they had on them, and these items were placed in a black bag. Galmore stayed in the kitchen with the shotgun pointed at the victims while Johnson began going through the house, ransacking parts of it, in search of more valuables, at one point dragging Cromer out of the kitchen to open a safe in his bedroom, which was empty. After Cromer and Johnson came back, all the victims but Britt were "hog tied" with cords of various sorts.[3] Johnson told Britt to take off her clothes, but she refused.

---

[1] Galmore was convicted following a bench trial of possession of a firearm by a convicted felon, and convicted by a jury on the remaining counts.

[2] The State argues that the evidence of asportation is sufficient under both the *Garza* standard and the subsequent amendment to the statute, but that amendment only applies to crimes committed on or after July 1, 2009, OCGA § 16-5-40, and the crimes here were committed in 2003.

[3] By this time Johnson had a handgun, which he had taken from the house.

While they were in the house, either Galmore or Johnson accidentally dialed Britt's sister, Amber Tia Britt, on Cromer's cell phone, which they had taken, and Amber called 911 because she could tell from what she was overhearing on the phone that something was happening in the house. Police were dispatched to the residence, and when Galmore and Johnson started to leave through the front door they saw that the police had arrived so they turned and ran down to the bottom floor of the house. The victims were able to free themselves and went outside, and Galmore and Johnson eventually surrendered and were taken into custody.

As is applicable here, whether a putative asportation is more than merely incidental to another crime depends on four factors. Those four factors are:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.

*Garza*, 284 Ga. at 702.

However, as our Supreme Court has noted "[i]n cases where the *Garza* standard is applicable, this Court has not required the satisfaction of all four factors to establish that asportation has occurred." *Hammond v. State*, 289 Ga. 142, 144 (2) (710 SE2d 124) (2011). Rather, even when the movement is of minimal duration, which was the case here, and occurs before or during the commission of other offenses, asportation has been satisfied where the movement is not an "inherent part" of any other offense, and the "movement create[s] an additional danger to the victims by enhancing the control" of the perpetrators. *Tate v. State*, 287 Ga. 364, 366 (695 SE2d 591) (2010). "The test was designed to determine whether the movement was one 'serving to substantially isolate the victim from protection or rescue — or merely a "criminologically insignificant circumstance attendant to some other crime.' " *Garza*, 284 Ga. at 702 (1)." *Wright v. State*, 300 Ga. App. 32, 34 (1) (684 SE2d 102) (2009).

Here, although Galmore and Johnson used Britt and Cromer to gain entry into the residence so they could perpetrate the robberies, they could also have robbed the victims of the items they took from them outside the house and could have gained entry to the house in other ways to take the items from inside the house and rob the occupants. Thus, we cannot say this movement, which occurred prior to the commission of the actual robberies, was integral to these crimes.

Moreover, moving Britt and Cromer from outside to inside decreased the chance a passerby would see them and realize a crime was in progress, thereby decreasing the chance of detection and isolating these victims from potential rescue. E.g., *Bryant v. State*, 304 Ga. App. 755, 757 (1) (697 SE2d 860) (2010). And forcing Britt and Cromer to go into the same part of the house as Cherry and King clearly made it easier for Galmore and Johnson to control them, increasing the danger to them and making it less likely they could escape. *Thomas v. State*, 289 Ga. 877 (717 SE2d 187) (2011). See also *Brown v. State*, 288 Ga. 902, 906 (3) (708 SE2d 294) (2011); *Henderson v. State*, 285 Ga. 240 (675 SE2d 28) (2009); *Dixon v. State*, 303 Ga. App. 517, 519 (1) (693 SE2d 900) (2010).

Thus, contrary to Galmore's contention otherwise, we find the evidence of asportation was sufficient in this case, and affirm his kidnapping convictions.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED NOVEMBER 15, 2011.

*Clark & Towne, David E. Clark, Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Lisa A. Jones, Assistant District Attorney*, for appellee.