**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 7, 2015**

# In the Court of Appeals of Georgia

A15A0318. HARRIS v. THE STATE.

BARNES, Presiding Judge.

Following the denial of his motion for new trial, Haniyf A. Harris appeals his armed robbery conviction and contends that the evidence was insufficient to sustain his conviction, and that the trial court erred in denying his motion to suppress the photographic lineup and in admitting similar transaction evidence. Following our review and discerning no reversible error, we affirm.

1. Harris first challenges the sufficiency of the evidence supporting his armed robbery conviction. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 S. Ct. 2781, 61 LE2d 560) (1979). "We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the

charged offense beyond a reasonable doubt." (Footnote omitted.) *Clark v. State*, 283 Ga. App. 884, 886 (1) (642 SE2d 900) (2007).

So viewed, the evidence demonstrates that on May 3, 2010, at approximately 11:30 a.m., a female caller ordered a pizza from Papa John's to be delivered to Apartment M-11 at a particular street address located in Pendleton Homes apartment complex. When the delivery driver approached M-11, a man wearing a red baseball cap and red sweatshirt with a hood walked up, pointed a gun at her, and demanded money. She gave the robber her money, approximately $95, and the robber then told her to leave. The driver went back to her car and called her boss and police.

Police discovered that apartment M-11 was vacant, but they were able to trace the number the call was placed from to a sister of Harris' girlfriend. Although initially uncooperative, the sister admitted that the number belonged to a cell phone used by Harris, and that he sometimes stayed with their other sister in Pendleton Homes. When police questioned the other sister, she showed them a red sweatshirt that belonged to Harris that matched the description of the one worn by the robber. Police also interviewed Harris' girlfriend, who said that she and Harris were at her sister's apartment in Pendleton Homes the day of the robbery. She told police that at some point during the morning, Harris, who at the time was wearing a black shirt, left the

2

apartment and said he needed to get some money. When he returned at approximately 3:00 p.m., Harris was wearing a red sweatshirt and had approximately $100. Three days after the robbery, the driver identified Harris from a six-picture line-up.

Although Harris challenges the sufficiency of the evidence against him, the evidence as outlined above was sufficient for a rational trier of fact to find Harris guilty of the armed robbery. See former OCGA § 24-4-8 ("[T]estimony of a single witness is generally sufficient to establish a fact.")[1] It was the role of the jury, not this Court, "to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence." (Citation and punctuation omitted.) *Farris v. State,* 290 Ga. 323, 324 (1) (720 SE2d 604) (2012). This evidence was sufficient to sustain Harris' conviction of armed robbery.

2. Prior to trial, Harris moved to suppress the identification of him made by the victim, arguing that the photographic lineups used by police were impermissibly suggestive. The trial court denied that motion, and on appeal Harris contends that this ruling was error. We disagree.

We review a trial court's denial of a motion to suppress by construing the evidence most favorably to upholding the court's findings and judgment, and we

---

[1] Harris' trial was held in 2011, so our former evidence code applies.

3

accept the court's ruling unless clearly erroneous. *Karim v. State*, 244 Ga. App. 282, 283-284 (2) (535 SE2d 296) (2000).

> On appeal, we will reverse a conviction based on a pretrial photo identification if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification. An identification procedure is impermissibly suggestive only if it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, "This is our suspect."

(Punctuation and footnotes omitted.) *Russell v. State*, 288 Ga. App. 372, 373 (2) (654 SE2d185) (2007). "The taint which renders an identification procedure impermissibly suggestive must come from the method used in the identification procedure." (Citation and punctuation omitted.) *Davis v. State,* 286 Ga. 74, 76 (2) (a) (686 SE2d 249) (2009). We need not consider the issue of irreparable misidentification unless the array is impermissibly suggestive. *Watley v. State*, 281 Ga. App. 244, 245 (1) (635 SE2d 857) (2006).

In denying Harris' motion to suppress, the trial court found that the lineup was not impermissibly suggestive and that the six individuals in the photo lineup were men of similar age, skin tone, facial features, and hairstyles. Contrary to Harris' assertion on appeal, the fact that three of the men in the photograph lineup had facial

hair, and the victim described the robber as having no facial hair, does not make the lineup impermissibly suggestive. *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999) (lack of facial hair on most of the lineup participants did not make lineup impermissibly suggestive).

Additionally, despite Harris' assertion that his number two position on the top row of the lineup was suggestive, "it cannot be assumed that the position of [Harris'] photograph in the array gave the picture greater prominence and therefore increased the likelihood of its selection." *Daniels v. State*, 207 Ga. App. 689, 692 (4) (428 SE2d 820) (1993). His photograph was the similar size, style, and content as the other five photographs. Neither did his position lead inevitably to Harris' identification. See *Thompson v. State*, 240 Ga. App. 26, 31-32 (7) (521 SE2d 876) (1999) (although the pictures of the defendant and one other individual in the lineup were slightly smaller than the other pictures, and not all of the men in the lineup had facial hair, photo array was not impermissibly suggestive). Accordingly, we find that the trial court properly admitted the pretrial identification evidence.

3. We further find that the trial court did not err in admitting similar transaction evidence of a 2004 robbery by intimidation conviction. Under Georgia law applicable

at the time of Harris' trial,[2] evidence of a similar transaction may be admitted if the State shows that

> (1) it seeks to introduce the evidence not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility; (2) there is sufficient evidence to establish that the accused committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter.

(Citation and punctuation omitted.) *Matthews v. State*, 294 Ga. 50, 52 (751 SE2d 78) (2013).[3] In evaluating the trial court's ruling, we accept its factual findings unless it

---

[2] As noted supra in footnote 1, Georgia's old Evidence Code applies in this appeal. Under the new Evidence Code, admissibility of this category of evidence is governed by OCGA § 24-4-404 (b).

[3] Georgia's new Evidence Code, effective January 1, 2013, provides that

> [e]vidence of other crimes, wrongs, or acts shall not be admissible prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

OCGA § 24-4-404 (b).

6

was clearly erroneous and review its decision to admit the similar transaction evidence under the abuse of discretion standard. *Reed v. State*, 291 Ga. 10, 12-15 (3) (727 SE2d 112) (2012).

The State filed notice of its intent to present similar transaction evidence of a 2004 robbery by intimidation guilty plea to show course of conduct, bent of mind and common scheme. At the hearing, one of the arresting officer's testified that on April 4, 2004, he responded to a robbery call at a Pizza Hut. Two restaurant employees were taking trash to a dumpster located behind the restaurant when two men, one holding a gun, approached them and ordered them back into the store. The armed robber brandished the gun at the manager, ordered her to open the safe, and after she complied, the two men, who were wearing dark clothing and had bandanas partially covering their faces, took the money from the safe and fled. Using a tracking dog, police apprehended the robbers, who were hiding behind a dumpster. Bags of money from the robbery, a gun, and other items related to the robbery, including bandanas, were recovered nearby. Harris was identified as one of the men and later pled guilty to robbery by intimidation.

The trial court found that the State was admitting the similar transaction for the proper purpose of showing bent of mind and course of conduct, and also that the prior

incident was sufficiently similar because in both instances Harris lay "in wait for the victims, each of whom was an employee of a pizza restaurant. Both robberies involved threats and the use of a handgun to induce pizza restaurant employees to surrender a quantity of cash." Although Harris argues that the crimes were "vastly different" because one occurred at the restaurant and the present crime occurred off-site, when determining whether evidence of a similar transaction is admissible "the proper focus is upon the similarities between the incidents and not upon the differences. [Cit.]" *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006). See also *Faniel v. State*, 291 Ga. 559, 562 (2) (731 SE2d 750) (2012). We cannot say that the trial court abused its discretion in ruling that evidence of the prior robbery by intimidation conviction was admissible under the law applicable at the time of Harris' trial.

*Judgment affirmed. Ray and McMillian, JJ., concur.*